IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:08cr148 |
| | ) | |
| | ) | JUDGE HAYNES |
| STEVE A. BRADEN | ) | |

## ORDER

Before the Court is the Defendant's motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c) based upon Amendment 706 to the United States Sentencing Guidelines ("U.S.S.G.") (Docket Entry No. 136), to which the Government filed a response (Docket Entry No. 144), and the Defendant filed a reply (Docket Entry No. 145). In his motion, the Defendant argues that he should have received a two-level reduction in his base offense level under U.S.S.G. §2D1.1. (Docket Entry No. 136). The Government contends that the Defendant is not eligible for a sentence reduction because he was sentenced under the Career Offender guidelines. (Docket Entry No. 144, at 1). The Defendant concedes he was sentenced under U.S.S.G. § 4B1.1 as a career offender, and not under the provisions of U.S.S.G. § 2D1.1. (Docket Entry No. 145, at 1).

In United States v. Perdue, 572 F.3d 288, 292-93 (6th Cir. 2009), the Sixth Circuit held that a defendant originally sentenced as a career offender may not receive a reduction in sentence under 18 U.S.C. § 3582(c) based upon Amendment 706. In so holding, the Sixth Circuit explained that Amendment 706 had "no effect on the ultimate sentence range imposed on [the defendant] under the career-offender Guideline." Id. at 293. See also United States v. Jenkins, 390 Fed. Appx. 492, 493, 2010 WL 3034470 (6th Cir. Aug. 3, 2010), United States v. Williams, 367 Fed. Appx. 578, 578 (6th Cir. Feb. 17, 2010); United States v. Gillis, 592 F.3d 696, 699-700 (6th Cir. 2009), and United States v. Knox, 390 Fed. Appx. 479, 480-82, 2010 WL 3034457 (6th Cir. Aug. 2, 2010).

Here, the Presentence Investigation Report determined that the Defendant had an offense level

of 37 and a criminal history category of VI as a career offender based upon U.S.S.G. § 4B1.1 (Docket Entry No. 120, Sealed Presentence Investigation Report, at 12-13, 23), which resulted in an advisory guidelines range of 360 months to life for Counts One and Two with a consecutive 60 months for Count Three. Id. at 34. At the sentencing hearing, then presiding judge United States District Judge Thomas A. Wiseman, Jr. concluded that the Defendant had an offense level of 37 and a criminal history category of VI. (Docket Entry No. 122, Sentencing Transcript, at 3). Citing individual deterrence and protection of the public, the Defendant was sentenced to forty years on Counts One and Two and a consecutive five years on Count Three, for an effective term of forty-five years incarceration. Id. at 41. Because the Defendant was sentenced based upon U.S.S.G. §4B1.1, the Defendant is not entitled to a sentence reduction under Amendment 706. Accordingly, the Defendant's motion for reduction of sentence under 18 U.S.C. § 3582(c) (Docket Entry No. 136) is **DENIED**.

It is so **ORDERED**.

Entered this the ___ day of September, 2011.

WILLIAM J. HAYNES, JR,
United States District Judge