# IN THE UNITED STATES DISTRICT COURT FOR
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | NO. 3:08-cr-00148 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| STEVE ALLEN BRADEN | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion for Imposition of Reduced Sentence Pursuant to Section 404 of the First Step Act. (Doc. No. 183). Defendant supplemented his motion (Doc. Nos. 184, 198, 207, 208) and the Government filed a Response. (Doc. No. 189). For the reasons discussed below, Defendant's Motion is **GRANTED** without a hearing, and the Court will impose a reduced sentence of 30 years imprisonment for his second count of conviction, possession with intent to distribute crack cocaine. All other provisions of the judgment will remain unchanged.

## I.     FACTS AND PROCEDURAL HISTORY

In 2009, a jury convicted Defendant Steve Allen Braden of one count of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g) ("Count 1"), one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841 ("Count 2"), and one count of possession of firearms in furtherance of drug trafficking activity in violation of 18 U.S.C. § 924(c) ("Count 3"). (Doc. No. 106). At the subsequent sentencing hearing, Judge Thomas A. Wiseman, Jr. determined that Braden was an Armed Career Criminal under the Armed Career Criminal Act ("ACCA") and a Career Offender under the United States Sentencing Guidelines (the "Guidelines"). *See Braden v. United States*, 817 F.3d 926, 928 (6th Cir. 2016). Judge Wiseman sentenced Braden to concurrent terms of 40 years' imprisonment on Count 1 and Count 2, and a consecutive term of 5 years' imprisonment on Count 3. (Doc. No. 114 at 3).

## II.     ANALYSIS

"Under § 404(b) of the First Step Act, a court that imposed a sentence for a 'covered offense' may 'impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed.'" *United States v. Michael*, No. 19-1696, 2020 WL 7238420, at *3 (6th Cir. Dec. 9, 2020). "The term 'covered offense' means 'a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act [ ], that was committed before August 3, 2010.'"*Id.* (quoting First Step Act § 404(a)).[1] "In effect, then, the First Step Act allows for sentence reductions in line with lowered mandatory minimums through retro application of the Fair Sentencing Act of 2010." *Id.* (citing *United States v. Allen*, 956 F.3d 355, 357 (6th Cir. 2020); *United States v. Beamus*, 943 F.3d 789, 791 (6th Cir. 2019); *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) (per curiam)).

"While a defendant may be eligible for relief under the First Step Act, … '[t]he First Step Act ultimately leaves the choice whether to resentence to the district court's sound discretion.'" *United States v. Flowers*, 963 F.3d 492, 498 (6th Cir. 2020) (quoting *Beamus*, 943 F.3d at 792). "In exercising this discretion, the district court must consider the factors outlined in 18 U.S.C. § 3553(a), including the defendant's amended guidelines range, and then ensure that the sentence is sufficient but not greater than necessary to achieve the purposes of sentencing." *Id.* (citing *United States v. Boulding*, 960 F.3d 774, 782–84 (6th Cir. June 1, 2020); *United States v. Foreman*, 958 F.3d 506, 513–14 (6th Cir. 2020); *Allen*, 956 F.3d at 357–58 (explaining that the First Step Act contemplates a review of the defendant's sentence under the § 3553(a) factors)).

---

[1]     Under Section 2 of the Fair Sentencing Act,"[w]hat used to be a 100:1 ratio between the amount of powder and crack needed to trigger the mandatory minimums [became] an 18:1 ratio," *United States v. Blewett*, 746 F.3d 647, 649 (6th Cir. 2013), while Section 3 "eliminated the 5–year mandatory minimum for simple possession of crack," *Dorsey v. United States*, 567 U.S. 260, 269–270 (2012).

A. Eligibility for Reduced Sentence under the First Step Act

The parties agree that Braden is eligible for consideration of a reduced sentence under the First Step Act. (Doc. Nos. 183, 192; Doc. No. 189 at 2). His offense was committed before the Fair Sentencing Act's enactment on August 3, 2010; he was further convicted under the enhanced penalties found in Sections 841(b)(1)(A)(iii); and those penalties were "modified by section 2...of the Fair Sentencing Act of 2010[.]" Braden was, accordingly, convicted of a "covered offense." The categorical limitations in Section 404(c) also do not apply here as Braden's sentence was not "previously imposed or previously reduced in accordance" with the Fair Sentencing Act's amendments and he has not previously moved to reduce his sentence under Section 404 of the First Step Act. Accordingly, the Court concludes that Braden is eligible under Section 404(a) for a reduced sentence under Section 404(b).

B. Whether and to What Extent to Reduce Defendant's Sentence

Having determined that Braden is eligible for a sentence reduction, the Court now turns to the recalculation of his sentencing range and consideration of the § 3553(a) factors. *United States v. Flowers*, 963 F.3d 492, 498-500 (6th Cir. 2020).[2] Braden's current sentence is 540 months

---

[2] The factors set forth in Section 3553(a) include:

- the nature and circumstances of the offense and the history and characteristics of the defendant;

- the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

- the applicable Sentencing Guideline range;

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

3

imprisonment (Doc. No. 114 at 3), and his current projected release date is July 15, 2048. The parties agree that Braden's revised advisory sentencing guidelines range is 360 months to life imprisonment. (*See* Doc. Nos. 189, 192).

The Government recommends that the sentence imposed by Judge Wiseman should not be reduced for the protection of the public from Braden and to deter his further criminal conduct. (Doc. No. 189 at 6); 18 U.S.C. § 3553(a)(2). The Government notes that Braden has been involved in numerous disciplinary infractions during his current incarceration, and his prior criminal history includes convictions for robbery, drug trafficking, assault, aggravated assaults, violation of an order of protection, and theft of property. (Doc. No. 189 at 6); 18 U.S.C. § 3553(a)(1). The Court must ensure that the sentence is "sufficient but not greater than necessary to achieve the purposes of sentencing." *Flowers*, 963 F.3d at 498; 18 U.S.C. § 3553(a). Considering the Section 3553(a) sentencing factors and Braden's revised guideline range, the Court finds it appropriate to impose a reduced sentence of 30 years (360 months) imprisonment for Braden's second count of conviction, possession with intent to distribute crack cocaine. 18 U.S.C. § 3582(c)(1)(B); First Step Act § 404(b). While Braden seeks a greater sentence reduction, the Court finds that reducing Braden's sentence any further would overlook the seriousness of his offenses and criminal history.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion (Doc. No. 183) is **GRANTED** without a hearing, and the Court will impose a reduced sentence of 360 months imprisonment for his second count of conviction, possession with intent to distribute crack cocaine. All other provisions of the judgment will remain unchanged.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE